1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

CUNNINGHAM FIELD & RESEARCH
SERVICE, INC.,

5

                    Plaintiff(s),

NO. C05-1354P

6

            v.

ORDER ON MOTION FOR
PRELIMINARY INJUNCTION

7

BRENT JOHNSTON, et al.,

8

                    Defendant(s).

9

10

        The above-entitled Court, having received and reviewed:

11

1.      Plaintiff's Motion for Preliminary Injunction

12

2.      Johnston's and J/T Marketing Research Services, Inc.'s Response to Motion for Preliminary

13

        Injunction

14

and all exhibits and declarations attached thereto, makes the following ruling:

15

        IT IS HEREBY ORDERED that the motion is DENIED.

16

**Background**

17

        Plaintiff Cunningham Field & Research Service, Inc. ("CFS") is in the business of consumer

18

product and field testing.  They have filed suit against Defendants, alleging violations of the Uniform

19

Trade Secrets Act, unfair competition, tortious interference with business expectancy and violations of

20

the Washington Consumer Protection Act.  Plaintiff seeks by this motion a preliminary injunction

21

against Defendants (and former employees) Johnston and Tonelli and their company (J/T Marketing

22

Research Services) which would enjoin Defendants, among other things, from contacting or accepting

23

business from anyone who was a  client or former client of CFS from August 1, 1995 to May 23, 2005

24

25

26

**ORD ON MTN FOR
PRELIM INJUNCTION - 1**

1  and any use of "confidential proprietary information maintained in any form" by CFS prior to May 23,

2  2005.  Proposed Order, p. 3.

3       The motion is based on Plaintiff's representations regarding a base of "confidential and

4  proprietary customer information" (Cunningham Decl., ¶ 4) and their allegations that Defendants

5  Johnston and Tonelli have misappropriated this information and used it to solicit clients for their

6  competing business.  Included in their documentary attachments are:

7       1.   A "Confidentiality Agreement" signed by Defendant Johnston covering the use and

8            misuse of "various proprietary or confidential information and/or material, including,

9            but not limited to, information and/or material pertaining to the finances, customers,

10           marketing and business plans and operation of CFS, Inc."  Cunningham Decl., Exh. 2.

11      2.   An e-mail from Defendant Johnston (as a "Partner" of J/T Marketing Research

12           Services) to Nelson Davis of Gazelle Global (a CFS client) advising him of the location

13           of J/T Marketing Research Services' offices,  "look[ing] forward to the relationships

14           we have built over the years for both Mike [Tonelli] and I" and "look[ing] very much

15           forward to working with you and all the project managers."  Cunningham Decl., Exh.

16           1.

17      3.   A declaration by a (now former) employee of CFS alleging that he overheard a

18           telephone conversation between another former CFS employee and Defendant Johnston

19           in which "getting numbers of people at CFS clients to get touch with them to push

20           [Defendant Johnston]'s new business" was discussed.  Pltf. Decl. of Harding, ¶ 4.

21  **Discussion**

22       To prevail on a motion for injunctive relief, movant must demonstrate either a likelihood of

23  success on the merits and the possibility of irreparable injury, or that serious questions going to the

24  merits have been raised and the balance of hardships tips sharply in its favor.  <u>Sony Computer</u>

25

26  **ORD ON MTN FOR**
    **PRELIM INJUNCTION - 2**

1   Entertainment, Inc. v. Connectix Corp., 203 F.3d 596, 602 (9th Cir. 2000).  Plaintiff's request and its

2   proof meet neither standard.

3          At the heart of Plaintiff's motion is its claim of a "confidential and proprietary" base of client

4   information and its interrelated allegations of violations of the Uniform Trade Secrets Act (RCW

5   19.108.010 et seq) and the common law restraints regarding unfair competition and trade secrets.

6   The Uniform Trade Secrets Act defines "trade secret" as information that "[d]erives independent

7   economic value, actual or potential, from not being generally known to, and not being readily

8   ascertainable by proper means by, other persons..."  RCW 19.108.010.

9          Whether a customer list such as Plaintiff's is a trade secret requires proof of three elements: (1)

10   whether the list is a compilation of information; (2) whether the list is valuable because it is unknown

11   to others; and (3) whether the owner has made reasonable efforts to keep the information secret.  Ed

12   Nowogroski Insurance, Inc. v. Rucker, 137 Wn.2d 427, 442 (1999).

13          Plaintiff's proof in this regard consists only of conclusory allegations that the material at issue

14   is confidential.  Nowhere in their supporting submissions is there any evidence that the information is

15   not generally known or is not properly ascertainable by other legitimate means.

16          Defendants, on the other hand, provide a wealth of testimony and documentary information

17   tending to establish that the information Plaintiff seeks to enjoin them from using is in fact readily

18   available through public information sources known to everyone in their business.  Johnston Decl.,

19   Exh. 2.  Furthermore, Defendants supply testimony that all the parties are members of an organization

20   called the Marketing Research Association ("MRA").  Contact information for the parties' potential

21   clients is available by purchasing a mailing list from the MRA or accessing a directory on the MRA

22   website.  Id., ¶¶ 2-5.

23          Defendant Johnston's supporting declaration contains his sworn assertion that the recipient of

24   the Gazelle Global e-mail submitted by Plaintiff as proof of the misappropriation of its client contact

25

26   **ORD ON MTN FOR**
     **PRELIM INJUNCTION - 3**

1   information is in fact a client of his from years before he began working at CFS. Id. at ¶ 8.

2   Additionally, Defendants proffer a declaration from Aaron Harding (whom Plaintiff offers as a witness

3   to a phone conversation where Defendant Johnston allegedly conspired to gain access to CFS client

4   contact information) in which he recants his prior representations as inaccurate and having been made

5   under the threat of losing his job at CFS. Def. Decl. of Aaron C. Harding.

6          On the basis of the proof and argument presented, the Court can find neither a likelihood of

7   Plaintiff's prevailing on the merits and the possibility of irreparable injury nor serious questions going

8   to the merits of the case and a balance of hardships which tips in Plaintiff's favor. The request for a

9   preliminary injunction, therefore, will be DENIED.

10

11         The clerk is directed to provide copies of this order to all counsel of record.

12         Dated:  September __19_, 2005

13

14                                                             Marsha J. Pechman
                                                               U.S. District Judge
15

16

17

18

19

20

21

22

23

24

25

26   **ORD ON MTN FOR**
     **PRELIM INJUNCTION - 4**