UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUNNINGHAM FIELD & RESEARCH SERVICE, INC., a foreign corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BRENT JOHNSTON; MICHAEL TONELLI, JR. AND LARA TONELLI, husband and wife, and their marital community, J/T MARKETING RESEARCH SERVICES,<br><br>    Defendants. | No. C05-1354MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PERMIT DISCOVERY AND GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANTS TONELLI FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion to Permit Discovery Pursuant to 56(f). Having received and reviewed Defendants' Motion, Plaintiff's Response, and Defendants' Reply, and Plaintiff's Motion and Defendant's Response, and all exhibits and documents submitted therewith, the Court finds that Plaintiff CFS has not provided this Court with sufficient information to establish personal jurisdiction over Defendants Tonelli. The Court declines to exercise its discretion to allow CFS leave to conduct additional discovery. For these reasons, the Court hereby DENIES Plaintiff's Motion to Permit

ORD ON MTN
TO DISMISS - 1

Discovery, and GRANTS Defendants' Motion to Dismiss Defendants Tonelli for Lack of Personal Jurisdiction.

## ANALYSIS

**I. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**

Where the court resolves a motion to dismiss on the pleadings and affidavits alone, the plaintiff must make only a prima facie showing of personal jurisdiction to defeat the defendant's Rule 12(b)(2) motion. Data Disc, Inc. v. Sys. Tech. Assoc., 557 F.2d 1280, 1285 (9th Cir. 1977).  In establishing its prima facie case, the documents submitted by the plaintiff are construed in the light most favorable to the plaintiff and all doubts are resolved in its favor. Metro. Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990).

In the Ninth Circuit, a federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant when the relevant state's long arm statute permits jurisdiction and the exercise of jurisdiction comports with due process. Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1207 (9th Cir. 1980).  Since Washington's long arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction would comply with due process. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir. 1995).  The Ninth Circuit employs a three-part test to determine the constitutionality of an assertion of specific personal jurisdiction over a non-resident: (1) the non-resident must do some act or consummate some transaction with the forum by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Metro. Life Ins. Co. v. Neaves, 912 F.2d 1062, 1065 (9th Cir. 1990).

ORD ON MTN
TO DISMISS - 2

Plaintiff CFS charges Defendant Tonelli with violations of the Uniform Trade Secrets Act and the Washington State Consumer Protection Act, with unfair competition, and with tortious interference. However, Plaintiff fails to allege in its pleadings that the acts giving rise to the claim against Mr. Tonelli occurred in or were directed at Washington State. On the face of the pleadings submitted by the parties, Mr. Tonelli's contacts with the State of Washington are limited to two brief trips to the State unrelated to the present claim, a phone call to Defendant Johnston in Washington State, and his signature on the Limited Liability Company application filed in Washington State. However, as Defendants correctly note, a nonresident is not subject to personal jurisdiction based solely upon acts in the forum state in his or her corporate capacity. S. Elecs. Distribs. v. Anderson, 232 Ga. App. 648, 649-650 (1998). Plaintiff likewise fails to establish that Mr. Tonelli's phone conversation with Defendant Johnston is a contact out of which its claims against Mr. Tonelli arise. The remainder of Plaintiff's allegations are impermissibly vague in that they do not establish that Mr. Tonelli's alleged solicitation of CFS customers and use of confidential proprietary information either occurred in or were directed at the forum state. Thus, Plaintiff fails to meet its prima facie burden of demonstrating this Court's personal jurisdiction over Mr. Tonelli for purposes of the current action.

There is not a single allegation alleging any contacts with this forum by Mrs. Tonelli and the claims against her also fail for lack of personal jurisdiction.

**II. Plaintiff's Motion to Permit Discovery Pursuant to 56(f)**

A trial court is vested with broad discretion as to whether to grant further discovery in order to determine personal jurisdiction, and will not be reversed except upon the clearest showing that the denial of discovery will result in actual and substantial prejudice to the complaining litigant. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977). This Court

declines to grant Plaintiff CFS leave to conduct additional discovery in order to establish personal jurisdiction over the Tonellis.

**Conclusion:**

The Court GRANTS Defendants' Motion to Dismiss for Lack of Personal Jurisdiction because Plaintiff has failed to allege contacts with Washington sufficient to establish specific personal jurisdiction over Defendants Tonelli.  The Court DENIES Plaintiff's Motion to Permit Discovery.  The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: October 20th, 2005.

Marsha J. Pechman
United States District Judge